USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/5/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X

FEDERAL HOUSING FINANCE AGENCY,

                 Plaintiff,

    -v-

UBS AMERICAS INC., et al.,

                 Defendants;

And other FHFA cases.

------------------------------------------ X

| |
|---|
| 11 Civ. 5201 (DLC) |
| 11 Civ. 6188 (DLC) |
| 11 Civ. 6189 (DLC) |
| 11 Civ. 6190 (DLC) |
| 11 Civ. 6192 (DLC) |
| 11 Civ. 6193 (DLC) |
| 11 Civ. 6195 (DLC) |
| 11 Civ. 6196 (DLC) |
| 11 Civ. 6198 (DLC) |
| 11 Civ. 6200 (DLC) |
| 11 Civ. 6201 (DLC) |
| 11 Civ. 6202 (DLC) |
| 11 Civ. 6203 (DLC) |
| 11 Civ. 6739 (DLC) |
| 11 Civ. 7010 (DLC) |
| 11 Civ. 7048 (DLC) |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------ X

FEDERAL HOUSING FINANCE AGENCY,

                 Plaintiff,

    -v-

THE ROYAL BANK OF SCOTLAND GROUP PLC,
et al.,

                 Defendants;

------------------------------------------ X

3:11-cv-01383-AWT

JOINT ORDER

DENISE COTE and ALVIN W. THOMPSON, District Judges:

     WHEREAS, Plaintiff the Federal Housing Finance Agency ("FHFA"),

as conservator for the Federal National Mortgage Association

("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, "the GSEs"), is pursuing the above-captioned actions in the Southern District of New York (the "S.D.N.Y. Actions") and in the District of Connecticut (the "RBS Action") pertaining to the purchase by the GSEs in 2005-2007 of residential mortgage-backed securities ("RMBS");

WHEREAS the S.D.N.Y. Actions are being coordinated before the Honorable Denise Cote;

WHEREAS RBS Securities, Inc. is a defendant in four S.D.N.Y. Actions, case numbers 11 Civ. 6188 (DLC), 11 Civ. 6201 (DLC), 11 Civ. 6739 (DLC) and 11 Civ. 7010 (DLC), involving 14 securitizations;

WHEREAS several RBS-related entities and individuals (the "RBS Defendants") are defendants in the RBS Action, involving 68 securitizations;

WHEREAS the RBS Action is pending before the Honorable Alvin W. Thompson;

WHEREAS, on May 4, 2012, Judge Cote issued a decision denying in most respects the motion to dismiss the complaint filed in the lead S.D.N.Y. Action (11 Civ. 5201 (DLC), against UBS Americas, Inc., et al.);

WHEREAS, following Judge Cote's May 4, 2012 decision, discovery commenced in the S.D.N.Y. Actions and, pursuant to the Orders of the

Court, document discovery was ordered to be substantially completed by October 22, 2012, and deposition discovery to commence on January 22, 2013;

WHEREAS, the RBS Defendants have moved to dismiss the RBS Action and that motion is fully submitted and pending;

WHEREAS, by Order dated August 17, 2012, Judge Thompson granted FHFA's motion to commence discovery and denied the RBS Defendants' request for a stay;

WHEREAS the RBS Defendants moved for reconsideration of the August 17, 2012 Order and that motion is fully submitted and pending;

WHEREAS, pursuant to the August 17, 2012 Order, FHFA and the RBS Defendants exchanged initial disclosures in the RBS Action on October 2, 2012;

WHEREAS, by letter dated October 5, 2012, to Judge Cote and Judge Thompson, FHFA proposed that discovery in the RBS Action be coordinated with discovery in the S.D.N.Y. Actions;

WHEREAS, on October 9, 2012, Judge Cote, acting on her own behalf and with the authorization of Judge Thompson, instructed the parties in the RBS Action to submit by October 12, 2012, proposed coordination orders;

WHEREAS, the parties conferred but did not reach agreement on a proposed coordination order and on October 12, 2012, made separate submissions;

WHEREAS, the question of coordination was discussed at an October 15, 2012, court conference in the S.D.N.Y. Actions and an October 25, 2012 court conference in the RBS Action;

NOW, THEREFORE, IT IS HEREBY ORDERED, as follows:

(1) **Electronic Discovery**:

The parties to the RBS Action shall submit to Judge Thompson for approval in the RBS Action and will, upon its entry, be subject to an order regarding electronic discovery materially identical to the electronic discovery order entered on February 6, 2012 in the S.D.N.Y. Actions.

(2) **Protective Order**:

The parties to the RBS Action shall submit to Judge Thompson for approval in the RBS Action and will, upon its entry, be subject to a protective order materially identical to the protective order entered on May 30, 2012 in the S.D.N.Y. Actions.

(3) **Document Production**:

Documents produced and written discovery given in the S.D.N.Y. Actions will be treated as though such discovery was provided or given in the RBS Action and, subject to the applicable rules of evidence and the rules of the District of Connecticut, may be used

4

in the prosecution or defense of the RBS Action.  Documents produced and written discovery given in the RBS Action will be treated as though such discovery was provided or given in the S.D.N.Y. Actions and, subject to the applicable rules of evidence and the rules of the Southern District of New York, may be used in the prosecution or defense of the S.D.N.Y. Actions.

   **(4)  <u>Fact Deposition Discovery</u>:**

        (a)  Depositions taken in the S.D.N.Y. Actions will be deemed to have been taken in the RBS Action and, conversely, depositions taken in the RBS Action will be deemed to have been taken in the S.D.N.Y. Actions.

        (b)  Except as permitted by Judge Thompson for good cause shown in the RBS Action:

             (1)  Defendants in the RBS Action are permitted to take no more than 20 depositions of former and current employees of Plaintiff (including any predecessor entity and its conservatees), which number is inclusive of any depositions taken in the S.D.N.Y. Actions by any defendant in those actions.

             (2)  Similarly, Plaintiff is permitted to take no more than 20 depositions of former and current employees of the corporate defendants in the RBS Action (excluding depositions taken of any individual defendants), which number is inclusive of any depositions taken by Plaintiff in the S.D.N.Y. Actions.

(c)   No deponent shall be required to be deposed more than once in the S.D.N.Y. Actions, the RBS Action, or with respect to both actions, except by a judicial Order.

(5)   **Scope of Discovery in the RBS Action**

(a)   The discovery parameters and limitations applicable to the S.D.N.Y. Actions shall be applicable to the RBS Action.

(b)   No more than 50 interrogatories and no more than 50 requests for admission may be served on either of Plaintiff or the corporate defendants in the RBS Action, which number is inclusive of any interrogatories or requests for admission served in the S.D.N.Y. Actions on Plaintiff or RBS Securities, Inc., respectively.

(6)   **Schedule for Discovery in the RBS Action**

| Event | Dates |
|---|---|
| Last day to serve initial document requests | November 5, 2012 |
| Last day to serve objections and responses to initial document requests | December 5, 2012 |
| Parties to the RBS Action will exchange and meet and confer regarding search terms for the collection and review of RBS' electronic documents | November 7, 2012 |
| Document production in all cases must be substantially complete | For Plaintiff November 30, 2012.<br><br>For Defendants, March 22, 2013. |
| Parties shall file submissions addressed to (1) the schedule for expert discovery in each case, (2) limitations on depositions of third parties in each case, and (3) protocols for noticing and scheduling depositions | November 8, 2012 |
| Depositions begin | January 22, 2013 |
| All fact and expert discovery in the RBS Action and all S.D.N.Y. Actions other than 11 Civ. 5201 must be completed | December 6, 2013 |

SO ORDERED:

Dated:    New York, New York
          Hartford, Connecticut
          November 1, 2012


_____                    _____
      DENISE COTE                              /s/
United States District Judge              ALVIN W. THOMPSON
Southern District of New York        United States District Judge
                                        District of Connecticut

          nunc pro tunc Nov. 5, 2012

7