UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiff,

-against-

JPMORGAN CHASE & CO., *et al.*,

Defendants.

11 Civ. 6188 (DLC)



6/24/2013

## [PROPOSED] ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDER

WHEREAS, the Court has been informed that Plaintiff, Federal Housing Finance Agency ("FHFA"), and Defendant Citigroup Global Markets Inc. ("CGMI") (together, the "Settling Parties") have reached a settlement and entered into a Settlement Agreement in connection with the above-captioned action (the "Action"); and

WHEREAS, the Settling Parties have moved this Court for entry of an order of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and/or 21 dismissing the Action, and all claims therein, as against CGMI only, with prejudice and without costs, and providing for an order barring claims by the remaining, non-settling defendants in this Action and any other alleged joint tortfeasors for contribution or indemnity; and

WHEREAS, for good cause shown, and upon due consideration of the Settling Parties' motion for entry of this Order of Voluntary Dismissal With Prejudice and Bar Order;

IT IS ORDERED that the amended complaint in this Action, served on or about June 13, 2012, and all claims contained therein, is hereby dismissed with prejudice and without costs as against CGMI only;

IT IS ORDERED that (a) JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; J.P. Morgan Mortgage Acquisition Corporation; J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.); J.P. Morgan Acceptance Corporation I; Bear Stearns & Co. Inc.; EMC Mortgage LLC (f/k/a EMC Mortgage Corporation); Structured Asset Mortgage Investments II Inc.; Bear Stearns Asset Backed Securities I LLC; WaMu Asset Acceptance Corporation; WaMu Capital Corporation; Washington Mutual Mortgage Securities Corporation; Long Beach Securities Corporation; Credit Suisse Securities (USA) LLC; Goldman, Sachs & Co.; RBS Securities, Inc. f/k/a Greenwich Capital Markets, Inc.; David M. Duzyk; Louis Schioppo, Jr.; Christine E. Cole; Edwin F. McMichael; William A. King; Brian Bernard; Matthew E. Perkins; Joseph T. Jurkowski, Jr.; Samuel L. Molinaro, Jr.; Thomas F. Marano; Kim Lutthans; Katherine Garniewski; Jeffrey Mayer; Jeffrey L. Verschleiser; Michael B. Nierenberg; Richard Careaga; David Beck; Diane Novak; Rolland Jurgens; Thomas G. Lehmann; Stephen Fortunato; Donald Wilhelm; Marc K. Malone; Michael L. Parker; David H. Zielke; Thomas W. Casey; John F. Robinson; Keith Johnson; Suzanne Krahling; Larry Breitbarth; Art Den Heyer; and Stephen Lobo, (b) any other person or entity later named as a defendant in this Action, and (c) any other person or entity that becomes liable to Plaintiff, to any current non-settling defendant in this Action, or to any other alleged tortfeasor, by reason of judgment or settlement, for any claims that are or could have been asserted in this Action or that arise out of or relate to the claims asserted in this Action (collectively, the "Non-Settling Defendants"), are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any

claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against CGMI, its present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to CGMI by any insurer), and agents of each of them, and the predecessors, heirs, successors and assigns of each (collectively, the "Settling Defendant"), that seeks to recover from the Settling Defendant any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims that are or could have been asserted against the Non-Settling Defendants in this Action or that arise out of or relate to any claims that are or could have been asserted in this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

IT IS FURTHER ORDERED that CGMI is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against any of the Non-Settling Defendants that seeks to recover any part of the settlement payment to be made by CGMI to Plaintiff in connection with the settlement of this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

IT IS FURTHER ORDERED that the Plaintiff shall provide any Non-Settling Defendant against which it obtains a judgment on claims related to the ARSI 2006-M2 and/or LUM 2006-3

securitizations a judgment credit in an amount that is the greater of a) the amount of Plaintiff's settlement with CGMI in this Action allocated to the relevant security, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit F (the "Confidential Schedule"), or b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of CGMI's fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed, except as described below, directly or indirectly, to any person other than to a court of competent jurisdiction and necessary court personnel;

IT IS FURTHER ORDERED that, upon entry of a pre-trial order (i) in this Action, or (ii) in any other action involving a claim or claims against a Non-Settling Defendant that may give rise to a claim against the Settling Defendant that would be barred by this Order, the Confidential Schedule may be disclosed to:

   a. the following parties named in the Action: J.P. Morgan Securities LLC, JPMorgan Chase & Co., Bear Stearns & Co., and Structured Asset Mortgage Investments II, Inc., as well as any party against whom Plaintiff or another Non-Settling Defendant subsequently brings claims in connection with the ARSI 2006-M2 and/or LUM 2006-3 securitizations (together, the "Authorized Parties");

   b. the Authorized Parties' attorneys and partners, associates and employees of the attorneys' law firms;

   c. in-house attorneys for the Authorized Parties, regular employees of the in-house legal department of the Authorized Parties, and necessary management personnel for the Authorized Parties;

4

d. any expert retained or consulted by the Authorized Parties in connection with the above-captioned Action and those working under their direction or control;

IT IS FURTHER ORDERED that prior to obtaining access to the Confidential Schedule, each Authorized Party shall review the terms and conditions of this Order and shall execute the attached Exhibit, agreeing to be bound by the terms and conditions set forth in this Order governing disclosure of the Confidential Schedule;

IT IS FURTHER ORDERED that, in the event that counsel for any Authorized Party determines to file with a court the Confidential Schedule, information derived therefrom, or any papers containing or making reference to such information, any such filings shall be filed under seal;

IT IS FURTHER ORDERED that this Court finds there is no just reason for delay and directs that final judgment be entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing the claims against CGMI with prejudice and without costs pursuant to Rule 21 and/or 41(a)(2).

Dated: ~~May __, 2013~~

_____
Hon. Denise L. Cote
United States District Judge

June 24, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE & CO., *et al.*,<br><br>Defendants. | 11 Civ. 6188 (DLC) |

## EXHIBIT

**Agreement to Be Bound by Confidentiality Provisions in Order**

The undersigned counsel of an Authorized Party acknowledges having reviewed the terms and conditions regarding disclosure of the Confidential Schedule set forth in the Order of Voluntary Dismissal With Prejudice and Bar Order dated May __, 2013. By signing below, I agree that my client and I will be bound by the terms and conditions of the Order of Voluntary Dismissal With Prejudice and Bar Order with respect to the information contained on the Confidential Schedule.

_____
(Signature)

_____
(Printed Name)

_____
(Name of Authorized Party)

_____
(Date)