Letter Requesting Permission to Move for a Protective
Order re Defendants' Non-party Subpoenas

June 28, 2013

**MEMO ENDORSED**

VIA ELECTRONIC MAIL
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

JUN 28 2013

Re:   *FHFA Actions*, No. 11-cv-5201, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of Plaintiff FHFA and 98 current and former employees of FHFA and the GSEs represented by undersigned counsel to request permission to file a motion for protective order under Rule 26(c)(1) compelling Defendant Bank of America ("BoA") to withdraw the subpoenas. The return date for these subpoenas is the earlier of June 28, 2013, or two days before a witness's scheduled deposition.[1] By serving a vast number of such subpoenas without an attempt to identify whose documents may be relevant, BoA blatantly attempts an improper fishing expedition.

This Court, as the venue where the action is pending, has jurisdiction to issue a protective order directing Defendants to withdraw these subpoenas, including subpoenas issued out of courts outside the Southern District of New York. Fed. R. Civ. P. 26(c)(1); *Rajala v. McGuire Woods, LLP*, No. 08-2638-CM-DJW, 2010 WL 4683979, at *7 (D. Kan. Nov. 12, 2010). A protective order is appropriate here because BoA requests documents that are "unreasonably cumulative or duplicative," or could have been "obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *Burns v. Bank of Am.*, No. 03 Civ. 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007). Moreover, a protective order is proper because the documents seek information that is not relevant or material "to the allegations and claims at issue in the proceedings." *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y.2010) (noting that the requesting party bears the burden of establishing relevance); *Koch v. Greenberg*, No. 07 Civ. 9600, 2009 WL 2143634, at *2 (S.D.N.Y. July 14, 2009) ("Subpoenas issued under Rule 45 are subject to Rule 26(b)(1)'s overriding relevance requirement."). BoA has failed to demonstrate that much of the information it seeks is relevant. To the extent any requested information is relevant, BoA's requests are duplicative of other discovery, or seek information that would have been less burdensome to obtain from FHFA.

Each BoA subpoena seeks the following documents: (1) all transcripts from depositions, interviews, hearings, or trials in which you have previously testified; (2) your current curriculum vitae; (3) separation agreements between you and any of Fannie Mae, Freddie Mac, OFHEO and FHFA; and, (4) all articles, opinions, expert reports (including letters or information submissions), drafted by you or submitted under your name, from 2004-present, regarding RMBS. For the reasons set forth below, each request should be withdrawn.

---

[1] The return date for two of the subpoenas, to Caijiao Zhao and David Hackney, has already passed. Objections were served to these subpoenas on June 21 and 24.

*BoA shall respond by July 1, 2013.*

*[signature]*
*June 28, 2013*

**Request for Transcripts.** BoA seeks all transcripts of non-party witnesses' previous testimony, regardless of whether that testimony relates to PLS. Courts have often rejected as overly broad subpoenas seeking "all" or "any" documents. *See, e.g., Koch*, 2009 WL 2143634, at *6; *Badr v. Liberty Mut. Group, Inc.*, No. 3:06CV1208, 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007). In addition, in response to BoA's request for production and pursuant to the Court's order, FHFA has already produced transcripts within its possession or control of "testimony from RMBS witnesses and investigations and litigation." 11/06/2012 Hr'g Tr. at 54:24-25. As such, BoA's request should be withdrawn not only because it is overly broad, but also because it is duplicative of prior discovery. *See Haber v. ASN 50th St., LLC*, 272, F.R.D. 377, 382 (S.D.N.Y. 2011) (quashing a subpoena because it was "duplicative of [Plaintiff]'s document requests"); *Grigsby & Assocs., Inc. v. Rice Derivative Holdings, L.P.*, No. 00 Civ. 5056, 2001 WL 1135620, at *3 (S.D.N.Y. Sept. 26, 2001).

**Witnesses' Curricula Vitae.** BoA's request for curricula vitae is duplicative of a mechanism already in place in these Actions. Pursuant to the Deposition Protocol, the parties must endeavor to provide a Background Questionnaire prior to a witness's deposition. *See* Background Questionnaire (Ex. A). That questionnaire reflects a negotiated agreement regarding what information about deposed witnesses' employment history is potentially relevant for deposition discovery. Moreover, although a curriculum vitae may be relevant for foundational or impeachment purposes, it is highly unlikely that BoA will call 98 FHFA witnesses at trial, further illustrating the undue burden of its subpoenas. Non-testifying witnesses' curricula vitae are not relevant to any issue in these Actions and BoA cannot "use the discovery process as a vehicle to investigate matters unrelated to the allegations in the [] complaint[s]." *Haber*, 272 F.R.D. at 382 (quashing a subpoena that requested documents that had "no relation to the issue[s]" in the case). Thus BoA's request for witnesses' curricula vitae should be withdrawn.

**Separation Agreements.** BoA could have requested copies of separation agreements from FHFA as part of its voluminous requests for production of documents. It did not. As BOA's subpoenas seek information it could have sought from a party during discovery, its request should be withdrawn. *See Grigsby*, 2011 WL 1135620, at *3. As with curricula vitae, to the extent separation agreements are admissible for foundational or impeachment purposes at trial, non-testifying witnesses should not bear the burden of locating and producing them. Moreover, the separation agreements with former employees are not relevant to any issue in these Actions, and they should not have to provide such agreements, which contain sensitive, personal information. *See Haber*, 272 F.R.D. at 382 (quashing a request for irrelevant documents).

**Articles, Opinions, or Expert Reports.** BoA's request is overly broad with respect to its time period (2004-present) and with respect to the scope ("all" articles, opinions, or expert reports regarding RMBS). *See Koch*, 2009 WL 2143634, at *6 (granting a motion to quash a subpoena where the request was "overly broad with respect to its covered time period"). FHFA has already produced documents in the custody or control of FHFA that are relevant to the claims and defenses at issue. Articles, opinions, or expert reports that were authored outside a witnesses' employment at FHFA or the GSEs are not relevant to this Action.

Simply stated, BoA seeks irrelevant documents, documents that are duplicative to party requests, or documents that should have been requested from FHFA. FHFA, as Plaintiff on its own behalf as well as on the behalf of the GSEs and all current and former employees subpoenaed, requests

permission to file a motion for a protective order requiring BoA to withdraw its non-party subpoenas. FHFA further requests that the Court stay the time to respond to the BoA subpoenas pending resolution of this request.

Respectfully submitted,

/s/ Jon Corey
Jon Corey
(joncorey@quinnemanuel.com)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1299 Pennsylvania Avenue NW, Suite 825
Washington, DC 20004
*Attorneys for Plaintiff Federal Housing Finance Agency*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, NY 10019
*Attorneys for Plaintiff Federal Housing Finance Agency*