May 31, 2013

**VIA ELECTRONIC MAIL AND HAND DELIVERY**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re: _FHFA Actions_, 11-cv-5201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of FHFA in response to Defendants' May 24, 2013 letter seeking an order compelling FHFA to add Cindy Workman as a custodian. The Court recently made clear that "we're really past the point where we can expand the scope of document discovery, other than for very good cause." 5/1/13 Tr. at 30:17-31:2 ("We are definitely in cleanup mode. . . . [If] any party…seeks to make what is, in essence, a new document demand on a party…the party seeking the documents, is going to have a very significant burden of showing that that should happen at this stage of our discovery process."). Defendants fail to meet their "very significant burden" of showing that Ms. Workman should be added as a custodian this late in discovery—after FHFA's document production is complete—particularly given that the Court already considered and denied this request. _See_ 2/21/13 Tr. at 56:23-66:3 ("[T]o the extent that we're revisiting issues previously ruled on, I think that should cease."). Defendants' request, which seeks more than "cleanup," comes too late and should be denied because FHFA has produced the documents from Ms. Workman's files that Defendants initially requested more than five months ago.

**The Court Denied Defendants' Previous Request To Add Ms. Workman As A Custodian.**
On January 9, 2013, Defendants asked FHFA to complete its production of "reports reflecting, or runs resulting from, diligence or similar reviews performed by or on behalf of" Fannie Mae, noting that "[Ms.] Workman…seems the likeliest source for a comprehensive set of these reports." 1/9/13 Ltr. from P. Shane to R. Schirtzer at 2 (Ex. 1). In response, FHFA agreed to search the files of Ms. Workman and her colleague Stephanie Thomas for due diligence documents relating to the Securitizations, including the reports Defendants requested. _See_ 2/20/13 Ltr. from FHFA to the Court (Ex. 2). Defendants then complained that this search was insufficient and asked the Court to add Ms. Workman as a document custodian.[1] _See_ 2/20/13 Ltr. from P. Shane to the Court (Ex. 3). On February 21, the Court found that FHFA's search Ms. Workman's and Ms. Thomas' files for due diligence documents resolved the issue and did not order FHFA to add Ms. Workman as a custodian. 2/21/13 Tr. at 94:15-20 ("[On] the issue of the plaintiff's Clayton, etc. reports on securitizations. I think that has been largely eliminated as a topic for disagreement by the productions that are being made from the files of Ms. Workman and Ms. Thomas. . . ."). Defendants offer nothing in their May 24th letter that was not, or could not have been, presented in February. Their request should thus be denied.

---

[1] In addition to having settled on its custodian list nearly one year ago, FHFA reaffirmed its intention not to add Ms. Workman as a custodian in February. _See, e.g._, 2/8/13 E-mail from J. Corey to Y. Bathaee (Ex. 4) ("FHFA will not agree to add Cindy Workman as a custodian."); _see also_ 3/11/13 E-mail from L. Misztal to Y. Bathaee (Ex. 5) (same). Defendants' delay in filing the instant motion until after FHFA completed its document production and well into the taking of depositions is prejudicial to FHFA.

**Defendants Have Not Met Their "Very Significant Burden" of Demonstrating That Ms. Workman Is A Necessary Custodian.** FHFA produced the documents that Defendants initially sought from Ms. Workman's files several months ago. In February and March 2013, FHFA searched Ms. Workman's e-mails and shared repositories to which she had access for responsive due diligence reports relating to the Securitizations and e-mails evidencing her involvement in reviewing those reports and produced the same. *See* 3/11/13 E-mail from L. Misztal to Y. Bathaee (Ex. 5); 3/6/13 E-mail from L. Misztal to Y. Bathaee (Ex. 6). Exhibits B, C, and D to Defendants' May 24th letter, which concern Ms. Workman's communications with due diligence firms and about third party reviews of the Securitizations, are examples of documents that FHFA produced in response to Defendants' original request.[2] To the extent Defendants now seek different documents from Ms. Workman, their request is tardy, imposes additional burdens on FHFA to expand and re-execute its search efforts, and should be denied.

In addition, the Court should deny Defendants' request because they have not shown (and cannot show) that Ms. Workman is likely to possess a significant number of unique, responsive documents sufficient to justify the burden of making her a custodian. As FHFA has explained to Defendants, Ms. Workman reported to custodian John Ingram. *See, e.g.*, 1/16/13 Ltr. from R. Schirtzer to P. Shane at 2 (Ex. 7). Documents in her files that FHFA has not already produced are reasonably likely to be duplicative of those produced from Mr. Ingram's files. Moreover, Defendants' attempts to characterize Ms. Workman's responsibilities as "key," Defs.' 5/24/13 Ltr. at 1, fall far short of the burden they must meet here.[3] Defendants' Exhibit A shows that Ms. Workman's responsibilities were akin to those one would expect of a paralegal, demonstrating merely that she contacted a due diligence firm at the direction of a trader. Their Exhibit D shows that documents in her files relating to due diligence are likely to be duplicative of Mr. Ingram's documents. Moreover, Ms. Workman generated such documents under Mr. Ingram's oversight.

Defendants' suggestion that Ms. Workman is a necessary custodian because she was involved in loss mitigation, Defs.' 5/24/13 Ltr. at 2 (citing L. Cao Tr. at 22:13-14), similarly fails. As a threshold matter,



The mere fact that Ms. Workman was involved in an administrative capacity in various aspects of Fannie Mae's PLS business is not a sufficient basis to add her as a custodian now, particularly in light of the comprehensiveness of FHFA's custodian list, *see* 7/31/12 Tr. at 101:17-24.

---

[2] FHFA does not dispute that Ms. Workman reviewed third party due diligence reports relating to the Securitizations, *see* Defs.' 5/24/13 Ltr. at 2 (citing Cook. Tr. at 401:18-20), which is why FHFA agreed to produce those reports and correspondence from Ms. Workman's e-mail account evidencing her review of them.

[3] Despite Defendants' assertions to the contrary, *see* Defs.' 5/24/13 Ltr. at 2, Ms. Workman's LinkedIn profile confirms that she was involved in paralegal compliance work at Fannie Mae.

[4] Mr. Gussmann's LinkedIn profile states that he joined Fannie Mae in February 2007, making it very unlikely that Ms. Workman worked for him in any significant capacity, if at all, before she left Fannie Mae in April of that year.

For the foregoing reasons, FHFA respectfully requests that the Court deny Defendants' request.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorney for Plaintiff Federal Housing Finance
Agency in FHFA v. UBS Americas, Inc., FHFA v.
JPMorgan Chase & Co., FHFA v. Deutsche
Bank AG, and FHFA v. Goldman, Sachs & Co.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance
Agency in FHFA v. First Horizon National
Corp., FHFA v. Bank of America Corp., and
FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance
Agency in FHFA v. HSBC North America
Holdings, Inc. and FHFA v. Nomura Holding
America, Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorney for Plaintiff Federal Housing Finance
Agency in FHFA v. UBS Americas, Inc., FHFA v.
JPMorgan Chase & Co., FHFA v. Barclays Bank
PLC, and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Michael A. Hanin
Michael A. Hanin
(mhanin@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN, LLP
1633 Broadway
New York, NY 10019

*Attorney for Plaintiff Federal Housing Finance
Agency in FHFA v. Ally Financial Inc., FHFA v.
Morgan Stanley, and FHFA v. SG Americas, Inc.*

cc: All counsel of record (via e-mail)