FHFA Letter to Judge Cote re: Segregation & Clawback Request by JPMorgan

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

MEMO ENDORSED

WRITER'S DIRECT DIAL NO.
(212) 849-7441

WRITER'S INTERNET ADDRESS
manishasheth@quinnemanuel.com

August 26, 2013



USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 8/27/13

VIA ELECTRONIC MAIL
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re: *FHFA v. JPMorgan Chase & Co. et al.*, 11 Civ. 6188 (DLC) (S.D.N.Y.)

Dear Judge Cote:

    We write on behalf of Plaintiff the Federal Housing Finance Agency ("FHFA") in response to the letter submitted by the JPMorgan Defendants ("JPMorgan") this morning informing the Court of JPMorgan's recent clawback and segregation request directed to the very documents that this Court ordered FHFA during the August 22, 2013 telephonic conference to provide to the Court by September 3, 2013.[1] FHFA respectfully requests that the Court direct JPMorgan to submit to the Court, by noon tomorrow, the single document that was cited by FHFA during the August 22 telephone conference (Bates-stamped JPMC_FHFA-C_016476473-74) and subsequently clawed back by JPMorgan so that the Court can resolve the threshold issue of whether this document is protected from disclosure by federal law and related regulations. FHFA believes that this Court's resolution of JPMorgan's clawback request as to this document will inform the appropriate treatment of JPMorgan's segregation request as to the other 74 documents.

    FHFA submits that even a cursory review of the single clawed back document will reveal that JPMorgan's latest request is nothing more than a ploy to hamstring FHFA from litigating its

---

[1] During the telephonic conference, FHFA explained that JPMorgan had produced approximately 75 Loan Review Summaries ("LRS"), and identified one such summary by Bates number, JPMC_FHFA-C_016476473-74. 8/22/2013 Hr'g Tr. at 17:11-17. The Court directed FHFA to provide exemplar summaries by September 3, 2013. *Id.* at 21:2-22:9. On Sunday, August 25, 2013, at 9:13 pm, JPMorgan clawed back this document, and demanded that FHFA provide a list of the remaining 74 LRS documents and not use such documents until JPMorgan could confirm that such documents were not inadvertently produced. Ex. 11. In addition, JPMorgan, without identifying any additional documents by Bates number, purported to notify FHFA that documents similar to JPMC_FHFA-C_016476473-74 were likely protected from disclosure. *Id.*

application to compel the production of the Fraud Reports. Indeed, in its August 25 letter to FHFA, attached as Exhibit 11, JPMorgan specifically demanded that FHFA not submit to the Court the very documents that this Court requested FHFA to provide by September 3, 2013. Moreover, as FHFA stated during the conference, this single clawed-back document does not mention the term "SAR," let alone disclose the existence or contents of a SAR, and thus, there is no credible basis to withhold the document or to now claw it back. Rather, the cited document describes potential fraud in the origination of the mortgage loan regarding occupancy, undisclosed mortgage debt, assets, employment, and collateral value. (Hr'g Tr. 17:13-17.) Finally, contrary to JPMorgan's assertions, this instance does not appear to be one of inadvertent production where JPMorgan logged the vast majority of Loan Review Summaries on its privilege log but failed to include a few isolated documents. Rather, JPMorgan logged *only nine* such documents under an assertion of SAR-related confidentiality, and produced approximately 75 such documents. Moreover, even though JPMorgan's primary-liability privilege log was due on July 17th, JPMorgan did not even include those nine documents on its log until July 26th, after FHFA requested the Fraud Reports.

In addition, although JPMorgan demanded in its August 25, 2013 letter that FHFA segregate and make no use of the other Loan Review Summaries previously produced by JPMorgan, it did not identify such documents by production number and instead requested that FHFA identify such documents. JPMorgan's request does not comply with Paragraph 12.1 of this Court's Protective Order, which specifies that that "[i]n order to claw back Discovery Material . . . that was produced inadvertently . . . the Producing Party must provide notice in writing . . . specifying the *production number* of the Discovery Material it wishes to claw back . . . ." *Id.* (emphasis added). JPMorgan has failed to provide the Bates numbers for all but one Loan Review Summary.

Although JPMorgan's recent clawback and segregation request is meritless, FHFA will nonetheless segregate the 75 Loan Review Summaries that it has identified and will not use them until the this Court resolves JPMorgan's letter application of today. Accordingly, FHFA respectfully requests that this Court order JPMorgan to produce the single clawed back document that it has identified by production number (JPMC_FHFA-C_016476473) by noon tomorrow, so that this Court can resolve JPMorgan's purported claim that this document is exempt from disclosure in time to allow FHFA to respond to the Court's August 22 request for exemplar Loan Review Summaries by the September 3 deadline. FHFA believes that resolution of JPMorgan's clawback request as to this document will inform the appropriate treatment of the other 74 documents.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

*Manisha Sheth*
Manisha M. Sheth

[Handwritten note: FHFA may provide to the Court this LRS ('473) and others from the set of 75 that it would like the Court to review despite the clawback request. /s/ Denise Cote 8/27/13]

cc: Counsel of record

2