```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :    11 Civ. 6188 (DLC)
                                        :    11 Civ. 6189 (DLC)
FEDERAL HOUSING FINANCE AGENCY,         :    11 Civ. 6190 (DLC)
                                        :    11 Civ. 6192 (DLC)
                    Plaintiff,          :    11 Civ. 6193 (DLC)
                                        :    11 Civ. 6195 (DLC)
         -v-                            :    11 Civ. 6198 (DLC)
                                        :    11 Civ. 6200 (DLC)
                                        :    11 Civ. 6201 (DLC)
JPMORGAN CHASE & CO., et al.,           :    11 Civ. 6202 (DLC)
                                        :    11 Civ. 6203 (DLC)
                    Defendants;         :    11 Civ. 6739 (DLC)
                                        :    11 Civ. 7010 (DLC)
And other FHFA cases.                   :
                                        :    MEMORANDUM OPINION
                                        :         & ORDER
----------------------------------------X
```

APPEARANCES:

For the plaintiff:
Philippe Z. Selendy
Richard A. Schirtzer
Adam M. Abensohn
Andrew R. Dunlap
David B. Schwartz
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601

Marc E. Kasowitz
Christopher P. Johnson
Michael A. Hanin
Kanchana Wangkeo Leung
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019

For Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation,

Washington Mutual Mortgage Securities Corporation, Long Beach
Securities Corporation and certain of the Individual Defendants:

Penny Shane
Sharon L. Nelles
Jonathan M. Sedlak
Yavar Bathaee
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

For Defendants Barclays Capital Inc., Barclays Bank PLC,
Securitized Asset Backed Receivables LLC, Paul Menefee, John
Carroll, and Michael Wade:

David H. Braff
Brian T. Frawley
Jeffrey T. Scott
Joshua Fritsch
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

For Defendants Credit Suisse Securities (USA) LLC, Credit Suisse
Holdings (USA), Inc., Credit Suisse (USA), Inc., DLJ Mortgage
Capital, Inc., Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities Corporation, Credit Suisse
First Boston Mortgage Acceptance Corporation, Andrew A. Kimura,
Jeffrey A. Altabef, Evelyn Echevarria, Michael A. Marriott, Zev
Kindler, Thomas E. Siegler, Thomas Zingalli, Carlos Onis, Steven
L. Kantor, Joseph M. Donovan, Juliana Johnson, and Greg Richter:

Richard W. Clary
Richard J. Stark
Michael T. Reynolds
Lauren A. Moskowitz
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

For Defendants Goldman, Sachs & Co., GS Mortgage Securities
Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group,
Inc., Goldman Sachs Real Estate Funding Corp., Peter C. Aberg,
Howard S. Altarescu, Robert J. Christie, Kevin Gasvoda, Michelle

Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks, and Mark Weiss:

Richard H. Klapper
Theodore Edelman
Michael T. Tomaino, Jr.
Tracy Richelle High
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

For Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, NA., HSI Asset Securitization Corporation:

John M. Conlon
Mark S. Hanchet
Michael O. Ware
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

For Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc., DB Structured Products, Inc., Ace Securities Corp., Mortgage IT Securities Corp.:

Thomas C. Rice
David J. Woll
Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954

For Defendant RBS Securities Inc.:

Thomas C. Rice
David J. Woll
Alan Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

For Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc.,

Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, David R. Warren, and Steven S. Stern:

James P. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

For Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J. Wageman:

Bruce Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

For Defendants Nomura Securities International, Inc., Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante LaRocca:

Bruce Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

For Defendants Ally Financial Inc. and GMAC

```
Mortgage Group, Inc.

Reginald R. Goeke
Catherine M. Bernard
MAYER BROWN LLP
1999 K St., N.W.
Washington, D.C. 20006

Michael O. Ware
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

For Defendant Ally Securities, LLC:

Matthew Solum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Robert J. Kopecky
Devon M. Largio
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Jeffrey S. Powell
Patrick M. Bryan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

For Defendants Bank of America Corporation; Bank of America,
N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.;
Merrill  Lynch & Co., Inc., Merrill Lynch Mortgage Lending,
Inc., Merrill Lynch Mortgage Capital Inc., First Franklin
Financial Corp., Merrill  Lynch Mortgage Investors, Inc.,
Merrill Lynch Government Securities, Inc., Merrill Lynch,
Pierce, Fenner & Smith Inc.:

David Blatt
John McNichols
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
```

For Defendant Jeffrey Mayer:

Richard A. Edlin
Ronald D. Lefton
Candace Camarata
GREENBERG TAURIG, LLP
200 Park Avenue,
New York, NY 10166

For Defendant Jeffrey L. Verschleiser:

Dani R. James
Jade A. Burns
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036

For Defendant Matthew Perkins:

Sandra D. Hauser
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

For Defendant Samuel L. Molinaro, Jr.

Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

For Defendants Tom Marano and Michael Nierenberg:

Joel C. Haims
LaShann M. DeArcy
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

For Defendants George C. Carp, Robert Caruso, George E. Ellison, Adam D. Glassner, Daniel B. Goodwin, Juliana Johnson, Michael J. Kula, William L. Maxwell, Mark I. Ryan, and Antoine Schetritt; Matthew Whalen; Brian Sullivan; Michael McGovern; Donald Puglisi; Paul Park, and Donald Han:

Daniel C. Zinman
Matthew M. Riccardi
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281

For Defendants Keith Johnson, Kim Lutthans and John Robinson:

David Elbaum
Theresa Trzaskoma
Brune & Richard LLP
One Battery Park Plaza
New York, NY 10004

DENISE COTE, District Judge:

    Before the Court is defendants' July 12, 2013 motion for reconsideration of the Court's June 28 Opinion and Order regarding legal standards applicable to the scope of discovery in these cases. For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

    The background of this dispute is recounted at length in the Court's June 28 Opinion and will not be restated in full here. Numerous discovery disputes that have arisen over the life of these cases have concerned, in one way or another, the degree to which defendants are entitled to discovery from the Single Family side of Freddie Mac and Fannie Mae's (the "GSEs")

businesses.[1]  The defendants had repeatedly argued that the relevance of this material hinged on the legal standard applicable to the "knowledge" defense that is available under Section 11 of the Securities Act of 1933, and on April 26, 2013, the parties agreed that it would be beneficial to brief this and other legal standards, to the extent they affect the scope of discovery in these cases.  This briefing, which constituted five sets of papers, was fully submitted on June 20, and on June 28 the Court issued an Opinion and Order (the "June 28 Opinion").  FHFA v. UBS Americas, Inc., No. 11 Civ. 5201 (DLC), 2013 WL 3284118 (S.D.N.Y. June 28, 2013).

   The Court's June 28 Opinion observed that the briefing had shifted from what was understood to be its original purpose.  While defendants had long maintained that the Court was applying an erroneous knowledge standard in making discovery rulings, their briefing abandoned any meaningful opposition to the Court's longstanding articulation of the knowledge standard (or of any other legal standard that the Court had articulated for the claims and defenses in these actions), and instead objected in broad strokes to certain of the Court's discovery rulings,

---

[1] The securities at issue in this case were purchased by the "Private Label Securities" (or "PLS") side of the GSEs' businesses, while the GSEs purchased whole loans through their "Single Family" businesses.

principally as they affected discovery of the GSEs' Single Family businesses.  In response, the June 28 Opinion reviewed at length the discovery rulings at issue, examined the scope of Single Family discovery to which defendants had been given access, and analyzed the relevance of that discovery in light of the many legal standards discussed in the parties' briefs.  The Court ultimately concluded that discovery into the GSEs' Single Family businesses had been properly limited based on its relevance and burden under Rule 26(b), Fed. R. Civ. P., and that the defendants were not entitled to reconsideration of any of the rulings in question.

On July 12, defendants filed a motion for reconsideration of the Court's June 28 Opinion.  An Order of July 17 set a briefing schedule, and on July 26 plaintiff filed its opposition.  The motion was fully submitted on August 2.

## DISCUSSION

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  In seeking reconsideration, "a party may not advance new facts, issues, or arguments not previously presented to the Court."  Nat't Union Fire Ins. Co.

Of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

This is a novel motion for reconsideration. It does not take issue with the articulation of the legal standards in the June 28 Opinion -- either the standards that apply to the claims and defenses in these actions or those that govern a court's management of discovery pursuant to the Federal Rules of Civil Procedure. Instead, the defendants take this as another opportunity to argue, again in very general but forceful terms, that they have been denied access to discovery from the GSE's Single Family businesses. In making this argument they have chosen to ignore the extensive discovery permitted by the Court. They have also chosen to emphasize certain passages in the June 28 Opinion while ignoring the context in which those passages appeared and the Opinion's remaining discussion of the issues. Suffice it to say, the June 28 Opinion relied on a multi-layered contextual analysis, and efforts to reduce its discussion to isolated sentences can be misleading, just as it may be

misleading to concentrate on a single discovery ruling or series of rulings without a firm grasp of the entire course of this litigation.

In seeking reconsideration, defendants rely on three principal arguments. First, defendants argue that the Court erroneously limited discovery of Single Family material regarding the originators at issue in these cases ("Originators") based entirely on the faulty assumption that the GSEs' general knowledge of an Originator's practices does not translate into knowledge regarding the characteristics of a particular Supporting Loan Group. Second, defendants argue that the Court erred in restricting discovery of the loans purchased by the Single Family businesses because it relied on "incorrect" statements by FHFA's counsel. Third, defendants argue that the Court erred by applying a more stringent standard for discovery related to fraud claims. None of these arguments merits reconsideration of the June 28 Opinion.

Defendants' first argument concerns discovery of information regarding Originators from the Single Family side of the GSEs' businesses.[2] Defendants take issue with the

---

[2] The defendants suggest in their motion for reconsideration that the June 28 Opinion sua sponte addressed the relationship of Originators' underwriting practices to the GSEs' purchases of the PLS at issue. To the contrary, it was the defendants who

11

observation in the June 28 Opinion that there is "no necessary connection between an Originator's general way of doing business and the characteristics of a particular group of loans that have been examined and assembled into a securitization by a defendant entity."  2013 WL 3284118, at *19.  Defendants point to documents and deposition testimony that show, they argue, that in fact PLS personnel at the GSEs did view generalized information about Originators as shedding light on the characteristics of the loans in a Supporting Loan Group that came from those Originators.  Thus, defendants suggest, generalized information about Originators from the Single Family side will be relevant in establishing the GSEs' knowledge of the misrepresentations at issue.

As the June 28 Opinion noted, however, defendants have been given access to significant material concerning Originators, from both the PLS and Single Family sides.  Id. at *17.  Indeed, defendants' argument relies on discovery it has obtained, and defendants do not point, either in their original motion or in the current briefing, to a particular category of document regarding Originators to which they should now be given access.

---

used the opportunity to brief the knowledge standard to argue as well that they had been deprived of discovery of the Single Family businesses, including discovery of the GSEs' knowledge of Originators' underwriting practices.

12

Moreover, the June 28 Opinion did not rely on the disputed reasoning to rule that Single Family material regarding Originators is per se irrelevant.  Rather, the Court concluded that the defendants had been given "broad discovery of material regarding the GSEs' awareness of problems with Originators from sources where that material is most like to be found," id., and that further discovery into material regarding Originators from the Single Family side was properly curtailed based on a balancing of its limited relevance (particularly in light of the voluminous discovery defendants have obtained) and the burden associated with its production.  See Fed. R. Civ. P. 26(b).

Defendants next complain that FHFA's counsel incorrectly described the underwriting process associated with the GSEs' purchases of loans and that the analysis of the Court's discovery rulings in the June 28 Opinion was flawed to the extent that it relied on those descriptions.  In particular, defendants argue that the diligence performed by the GSEs when they purchased whole loans involved a comparison of the loans' adherence to the lenders' underwriting guidelines, not just to the GSEs' guidelines, and that the GSEs would therefore have learned of defects in the loans associated with particular Originators when they received due diligence reports.

In making this argument, defendants rely principally on their depositions of Ronald Feigles and Paul Norris, both of which they misconstrue in various ways. For instance, defendants insist, citing Mr. Feigles's testimony, that "Clayton evaluated loans for Freddie Mac for compliance with lenders' guidelines, among other things." In fact, Mr. Feigles testified that Clayton's review included a range of criteria that changed from deal to deal and only sometimes included lenders' guidelines. Mr. Feigles also testified that the "defect," "waiver," and "pull-through" rates shown in Clayton's review did not necessarily reflect its detection of actual defects in a loan, since Clayton was required to mark a loan as defective in order to review it based on criteria supplied by the GSEs. This testimony perfectly supports the account given by counsel for FHFA in the February 14, 2013 conference at which this issue was addressed. Mr. Feigles also disagreed with the idea that the defects in a particular pool of loans uncovered by Clayton's diligence would necessarily shed any light on the quality of all loans coming from an Originator. As the Court observed in ruling on this request on February 21, these many differences and nuances limit the relevance of this discovery in supporting any argument regarding the misrepresentations at issue.

As was true in connection with their first request for reconsideration, the defendants again fail to identify with any precision the discovery they believe they were denied due to an erroneous understanding of the due diligence process, and ignore the discovery they were permitted to take of the Single Family businesses.  As a result, it is far from clear what portion of the June 28 Opinion the defendants seek the Court to reconsider.  Repetition of a complaint regarding discovery does not make it any more valid.

Finally, defendants argue that the June 28 Opinion erred in not affording broader discovery based on the fraud claims that are present in six of these actions.  Defendants observe that various elements of fraud, like the requirement that the plaintiff show justifiable reliance, make a wider universe of material relevant.

This very argument was pressed in the original briefing leading up to the June 28 Opinion, and here defendants do not point to any facts or law that would merit reconsideration, instead simply rearguing their prior position.  Again defendants fail to engage with the Court's Rule 26 balancing analysis or to cite any category of document to which they have been improperly denied access based on its relevance to the fraud claims.

In making these three arguments, defendants also ignore the Court's instruction at the close of its June 28 Opinion to raise ongoing discovery disputes by presenting targeted requests to the Court. Instead, defendants continue to argue in generalities, suggesting that they are entitled to a massive, ill-defined increase in the scope of document production. Neither their original briefing regarding the scope of discovery nor their current motion for reconsideration shows that the Court has erred in restricting the scope of Single Family discovery, after careful and repeated consideration of the discovery already allowed, that material's relevance, and the burden that would be associated with its production.

CONCLUSION

Defendants' July 12 motion for reconsideration is denied.

SO ORDERED:

Dated:   New York, New York
         September 25, 2013

                                    _____
                                          DENISE COTE
                                    United States District Judge