FHFA's Application for Clayton to
Produce Documents

October 18, 2013

**VIA ECF**
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY  10007-1312

Re:  *FHFA Actions*, No. 11-cv-6188, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

  Plaintiff Federal Housing Finance Agency ("FHFA") requests that the Court compel third-party diligence firm Clayton Holdings LLC ("Clayton") to produce documents responsive to a subpoena served by FHFA on July 3, 2012 (Exhibit 1).  FHFA has met and conferred extensively with Clayton, but the parties are at an impasse concerning (i) a date certain for Clayton to complete producing diligence project files related to the Mortgage Loans; (ii) production of emails from 41 former Clayton executives, team leaders, and client service managers who managed Clayton's work for Defendants; and (iii) production of Clayton's internal diligence policies, procedures, and training materials.

  **A.** **Clayton Should Produce All Diligence Project Files by December 20, 2013**
  Defendants retained Clayton to conduct diligence on Mortgage Loans underlying 296 Securitizations as part of 1,257 separate "projects" (as Clayton termed them) corresponding to Defendants' acquisition of Loans and underwriting of Securitizations.  Clayton is the single most relevant diligence firm in these actions.  In March 2013, Clayton agreed to produce the diligence project files containing documents related to its reviews of Loans.  Although FHFA and Defendants worked with Clayton between April and July 2013 to identify the "project IDs" Clayton used for each project, Clayton has produced files for only 262 of the 1,267 projects to date and has not committed to completing production by any date certain.  Clayton has also estimated that it can finish producing project files by year end, but the rate of production thus far and Clayton's prior statements that the sole employee it has assigned to the task (one of hundreds of Clayton employees) is able to collect only 30 project files per week are a strong indication that its prediction will not be met.[1]  Clayton has said that it will not employ additional people to locate project files unless FHFA agrees to pay an estimated cost of $2,000 per week per person.

  To ensure that Clayton dedicates sufficient resources to complete production in time for the parties to review and use the project files to meet the existing deadlines, FHFA respectfully seeks an order compelling Clayton to complete its rolling production of files in the time frame it has designated, by December 20, 2013.  By that date, Clayton will have had nine months to produce the files it agreed to produce.  FHFA requires production by December 20 to review the files in advance of the March 28, 2014 third-party discovery cutoff date (to identify Clayton deponents, notice and negotiate deposition dates, and take depositions), and in advance of the deadlines beginning on February 17, 2014 for serving expert reports rebutting Defendants'

---

  [1]  If the current rate of 30 project files per week is maintained, Clayton will not complete production of the remaining approximately 1,000 project files before June 2014.

The Honorable Denise L. Cote
October 18, 2013

reports regarding their due diligence defense.  If Clayton must hire additional staff to meet this deadline, it should bear the cost.  *See* 5/20/13 Hr'g Tr. 30:9-15 (third party should "bear its own internal costs" of responding to a subpoena).

      **B.**    **Clayton Should Be Compelled To Produce Emails of Selected Clayton Executives and Managers**

FHFA also has requested targeted searches of any emails that Clayton has collected and retained of 41 former Clayton executives, team leaders, and client service managers who were in charge of diligence directed by one or more of the 13 Defendants.[2]  The searches (set forth in Exhibit 3) are intended to capture documents not contained in the project files relevant to Defendants' due diligence defense, including any changes made to Clayton's methodology and procedures in reviewing the Loans and Defendants' directives regarding the reviews Clayton performed.  FHFA is willing to modify the search terms if they capture too many documents.

Clayton has refused to run any searches other than for project IDs and has insisted that it will only conduct email searches if FHFA reimburses its legal fees for privilege and responsiveness reviews.  FHFA respectfully requests that the Court compel Clayton to run the requested searches and produce responsive documents by November 4, 2013. Given Defendants' ongoing relationship with and instructions to Clayton, a search of only project IDs is likely to exclude a number of documents relevant to the due diligence defense.  In addition, FHFA requires a production of emails by November 4 because the documents are relevant to upcoming party depositions, including those of individual Defendant Keith Johnson in *FHFA v. JP Morgan* and former Nomura Chief Credit Officer Neil Spagna before the December 6, 2013 deposition deadline.  These deponents were Clayton employees after working at Long Beach Securities Corp. and prior to joining Nomura, respectively.  To the extent Clayton elects to conduct a privilege and responsiveness review,[3] it should bear its own legal expenses for those reviews.  *See* 5/20/13 Hr'g Tr. 30:9-15 (third parties bear fees for "review by counsel of . . . electronic files to the extent they find that necessary"); *U.S. Bank Nat'l Ass. v. PHL Variable Ins. Co.*, 2012 WL 5395249, *4 (S.D.N.Y. Nov. 5, 2012) (nonparty should bear costs of privilege review because "the producing party has the exclusive ability to control" those costs); *In re Seroquel Prods. Liab. Litig.*, 2007 WL 4287676, **3-4 (M.D. Fla. Dec. 6, 2007) (nonparty must bear retrieval and attorney review costs, although costs of duplication may be passed through to the parties).

      **C.**    **Clayton Should Be Compelled To Produce Internal Diligence Policies, Procedures, and Training Materials**

Clayton refuses to produce its diligence policies, procedures, and training materials, claiming that its practices are not relevant.  To the contrary, because Clayton's policies, procedures, and training guided its work for Defendants, they are relevant.  Further, whether Defendants' instructions to Clayton differed from Clayton's internal policies is relevant to whether Defendants exercised reasonable care in conducting diligence.  Clayton should be compelled to produce these materials.

---

[2] The 41 employees and their known titles are listed on Exhibit 2.  Clayton has indicated, without elaboration, that it does not have email for some of these 41 employees.

[3] Clayton rejected FHFA's offer to enter into a supplemental protective order, similar to the one entered into with the FDIC (No. 676), whereby Clayton would produce documents that hit on the search terms, while retaining the ability to claw back any documents later identified as being potentially privileged.

2

The Honorable Denise L. Cote
October 18, 2013

Respectfully submitted,

| | |
|---|---|
| *[signature]* | /s/ Kanchana Wangkeo Leung |
| Christine H. Chung | Kanchana Wangkeo Leung |
| (christinechung@quinnemanuel.com) | (kleung@kasowitz.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP |
| 51 Madison Ave., 22nd Floor | 1633 Broadway |
| New York, NY 10010 | New York, NY 10019 |
| *Attorneys for Plaintiff Federal Housing Finance Agency* | *Attorneys for Plaintiff Federal Housing Finance Agency* |

Attachments

cc:    Counsel of Record
       Marc Rothenberg, Esq. (Counsel to Clayton) (with attachments)

3