```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :
                                        :
                       Plaintiff,       :   11 Civ. 6188 (DLC)
         -v-                            :
                                        :
JPMORGAN CHASE & CO., et al.,           :
                                        :
                       Defendants;      :
                                        :
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :
                                        :
                       Plaintiff,       :   11 Civ. 6192 (DLC)
         -v-                            :
                                        :   OPINION & ORDER
DEUTSCHE BANK AG, et al.,               :
                                        :
                       Defendants.      :
                                        :
----------------------------------------X
```

APPEARANCES:

For Plaintiff Federal Housing Finance Agency:

Philippe Selendy
Quinn Emanuel
51 Madison Ave., 22nd Fl.
New York, New York 10010

For Deutsche Bank Defendants:

David J. Woll
Simpson Thacher & Bartlett LLP
425 Lexington Ave.
New York, New York 10017

For non-party Anthony L. Viola:

Anthony L. Viola, proceeding pro se
#32238160

1

Ashland Federal Correctional Institution
P.O. Box 6001
Ashland, Kentucky 41105

DENISE COTE, District Judge:

Non-party Anthony L. Viola ("Viola") wrote the Court, pro se, on February 18, 2014 to make certain requests related to sealed documents in FHFA v. Deutsche Bank AG, et al., 11 Civ. 6192 (DLC) (S.D.N.Y.) (the "Deutsche Bank Action").  The Deutsche Bank Action was one of a number of actions before this Court in which the Federal Housing Finance Agency ("FHFA"), as conservator for Fannie Mae and Freddie Mac (together, the "GSEs"), have alleged misconduct on the part of the nation's largest financial institutions in connection with the offer and sale of certain mortgage-backed securities purchased by the GSEs in the period between 2005 and 2007.  The Deutsche Bank Action was settled, with no admission of liability or wrongdoing by the Deutsche Bank defendants, and voluntarily dismissed with prejudice by Order of January 6, 2014.

Viola, the owner of a real-estate brokerage in Cleveland, Ohio, was convicted of wire fraud and conspiracy to commit wire fraud in the Northern District of Ohio in connection with fraudulent mortgage loans approved by banks, including Deutsche Bank's MortgageIT division, that did not meet bank guidelines. Viola was sentenced to 150 months' imprisonment and ordered to

pay approximately $1.2 million in restitution. Viola disputes that he misled the banks with regard to these loans, and seeks documents indicating that the banks knowingly made loans that did not meet their guidelines.

Viola makes three requests in his February 18 letter-motion: (1) an itemization of "records under seal" in the Deutsche Bank Action; (2) the production of any admissions by Deutsche Bank that it knowingly violated its underwriting guidelines and lied about that practice; and (3) that the Court consider halting settlements in related FHFA actions. Deutsche Bank opposed Viola's motion by letter of March 12; FHFA did the same by letter of March 21.

Viola makes several new requests in his reply of March 31. Viola requests, in the alternative, that the Court deem Deutsche Bank to have admitted that it did not rely on representations in loan applications completed by Viola, that it did not rely on its underwriting guidelines in making such loans, that it was not a victim of any scheme by Viola, and that restitution from Viola would be inappropriate. He also requests, among other things, that Deutsche Bank be ordered to make various document productions to the Department of Justice and criminal defense attorneys concerning "indicted properties" in any criminal case. For the reasons that follow, Viola's motion is denied.

Also on March 31, Viola made a nearly identical motion in a related FHFA action, FHFA v. JPMorgan Chase & Co., et al., 11 Civ. 6188 (DLC) (S.D.N.Y.) (the "JPMorgan Action").  That motion is denied as well.

## DISCUSSION

The "right of public access to judicial documents is firmly rooted in our nation's history."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  There are two "related but distinct presumptions in favor of public access to court . . . records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law."  Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 163 (2d Cir. 2013).

The First Amendment right has been held to apply to "summary judgment motions and documents relied upon in adjudicating them, pretrial motions and written documents submitted in connection with them, and docket sheets."  Id. at 164 (citation omitted).  Courts apply two different approaches to determine whether the First Amendment right applies to particular documents.  The "experience-and-logic" approach turns on "whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question."  Id. (citation omitted).  The second,

4

which applies to "judicial documents related to judicial proceedings covered by the First Amendment right," considers whether the documents "are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." Id. (citation omitted).

The common law right of access attaches only to "judicial documents." Lugosch, 435 F.3d at 119. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Id. (citation omitted). Rather, a "judicial document" is a document "relevant to the performance of the judicial function and useful in the judicial process." Id. (citation omitted). The strength of the presumption of access to a judicial document turns on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (citation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. (citation omitted). There is no presumption in favor of access to "documents that play no role in the performance of Article III functions, such as those passed between the parties in

5

discovery." <u>SEC v. TheStreet.com</u>, 273 F.3d 222, 232 (2d Cir. 2001) (emphasis and citation omitted).

After determining whether a presumption of access applies, and how strong any such presumption is, courts must then balance any presumption against countervailing factors. <u>Lugosch</u>, 435 F.3d at 120. These factors may include "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." <u>Id.</u> (citation omitted).

Where a presumption in favor of public access does not apply, and a document was filed under seal pursuant to a protective order, "a strong presumption <u>against</u> public access" applies if a party to the protective order objects on privacy grounds and establishes that it "reasonably relied on the protective order." <u>TheStreet.com</u>, 273 F.3d at 234. Documents in the <u>Deutsche Bank</u> Action were filed under seal pursuant to the Protective Order of May 20, 2012 and the First Amended Protective Order of January 11, 2013.

Here, substantive analysis of Viola's request is impossible because Viola has not challenged the sealing of any particular documents -- for example, documents submitted in support of a particular letter or motion. Rather, Viola asks for an "itemization of records under seal" and the production of "any admissions by Deutsche Bank that it knowingly violated its

6

underwriting guidelines."  Viola offers no reason to believe that the docket sheet is insufficient to notify the public of any "judicial documents" filed under seal, and no authority to support burdening the parties or the Court with such a task under these circumstances.  And neither the parties nor the Court is aware of any sealed document responsive to Viola's request.

Viola also asks that the Court "consider h[a]lting these lender settlements -- whereby banks buy their way out of criminal liability."  Viola is mistaken, as settlement of a civil action is no bar to criminal prosecution of a defendant.

Viola makes a number of requests specific to the four mortgage loan applications at issue in Viola's criminal trial.  Again, Deutsche Bank has confirmed that no document under seal relates to its MortgageIT division or is otherwise responsive to Viola's request.

Viola also argues that he is innocent; that Deutsche Bank should have been estopped from claiming, at Viola's criminal trial, that Viola defrauded it; that Deutsche Bank's request for restitution from Viola was fraudulent; and that Deutsche Bank should be deemed to have made various admissions relating to Viola's criminal action.  Such arguments are not properly before this Court, as it does not have jurisdiction over Viola's criminal case.  Likewise, Viola's request that Deutsche Bank be

7

ordered to make certain document productions concerning any "indicted property" in any criminal case strays well beyond the scope of the now-settled Deutsche Bank Action.

Finally, Viola's motion in the JPMorgan Action is denied for many of the same reasons, as Viola does not identify the sealed documents he wishes produced and the Court is aware of no sealed documents responsive to Viola's requests.

**CONCLUSION**

Non-party Viola's February 18, 2014 letter-motion in the Deutsche Bank Action and his March 31, 2014 letter-motion in the JPMorgan Action are denied.  The Clerk of Court is directed to file and docket Viola's reply memorandum of March 31 in the Deutsche Bank Action and Viola's letter-motion of March 31 in the JPMorgan Action.

SO ORDERED:

Dated:   New York, New York
         April 10, 2014

　　　　　　　　　　　　　　_____
                         DENISE COTE
                 United States District Judge

8

Copy sent to:

Anthony L. Viola #32238160
Ashland Federal Correctional Institution
P.O. Box 6001
Ashland, Kentucky 41105